IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Brett William Ferguson, ) | C/A No. 6:24-cv-03984-JD-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Pickens County Detention Center, ) | |
| Tommy Blankenship, Kevin Durham, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a pretrial detainee, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on July 17, 2024 (doc. 1). By order filed August 15, 2024, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 12). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (*id*. at 8–9). On September 5, 2024, after the deadline to provide an amended complaint passed, the plaintiff filed an amended complaint (docs. 16; 16-1). Nevertheless, because the plaintiff's amended complaint likewise fails to state a claim upon which relief may be granted, the undersigned recommends dismissal of the case.

## ALLEGATIONS

The plaintiff, a pretrial detainee at the Pickens County Detention Center (the "Detention Center"), filed this action seeking money damages from the defendants (docs. 16; 16-1). The plaintiff alleges violations of his right to proper medical treatment (doc. 16 at 4). The plaintiff also alleges that he was hospitalized due to bad water and/or food at the Detention Center (*id*. at 5).

The plaintiff alleges waking up feeling poorly on January 19, 2024 (doc. 16-1 at 1). The plaintiff had to wait until recreation time to inform staff that he didn't feel good (because the emergency button in his cell was broken) (*id*.). The plaintiff told Lt. Durham and other Detention Center staff he was sick (*id*.). At 3:00, the plaintiff's mother called the Detention Center about the plaintiff not feeling good and the nurse came to see the plaintiff, but only brought him Pepto (*id*.). Despite the Pepto, the plaintiff was awake all night with loose stools and not feeling well (*id*.). At noon the next day, the plaintiff (or his cell mate) informed Lt. Durham that the plaintiff was not feeling well and the plaintiff's mother informed Lt. Durham that the plaintiff needed to go to the hospital (*id*. at 1–2). The next day, the plaintiff still did not feel better and told Lt. Durham that he still felt sick and the Pepto was not working (and his mother called the Detention Center as well) (*id*. at 2). That afternoon, a nurse came and examined the plaintiff and determined that he needed to be taken to the hospital (*id*. at 2). The plaintiff alleges that at the hospital he was diagnosed with Cholera and asserts he must have gotten the disease from bad food/water at the Detention Center (*id*.). Lt. Durham then took the plaintiff's discharge papers and would not give him copies (*id*.). The plaintiff alleges that Sheriff Blankenship is responsible for the employees at the Detention Center and the water/food contamination (*id*.).

The plaintiff's injuries include being hospitalized, worsened post-traumatic stress disorder ("PTSD"), and trouble with his bowels (doc. 16 at 6). For relief, the plaintiff seeks money damages (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. However, the plaintiff's amended complaint is subject to summary dismissal.

**Pickens County Detention Center**

The Detention Center is not a "person" as defined by § 1983, thus, it is entitled to summary dismissal. It is well settled that only "persons" may act under color of state law; thus, a defendant in a § 1983 action must qualify as a "person." As noted, this defendant is not a person; hence, it is not subject to suit under 42 U.S.C. § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983). Accordingly, the Detention Center should be dismissed from this action.

**Supervisory Liability**

The plaintiff's only allegations against Sheriff Blankenship, based upon supervisory liability, are that he is responsible for the bad food/water that made the plaintiff sick and should be responsible for the actions at the Detention Center (doc. 16-1 at 2). However, the doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" (emphasis in original)). Indeed, to allege a plausible claim requires a showing that the supervisor (1) had

4

actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Here, even as amended, the plaintiff has not alleged how Sheriff Blankenship was on notice regarding food/water contamination at the Detention Center or regarding the plaintiff's medical condition (*see* docs. 16; 16-1). Further, the plaintiff has not alleged a causal link between inaction by Sheriff Blankenship and the injuries asserted by the plaintiff (*see* docs. 16; 16-1). As such, the plaintiff's amended complaint fails to state a supervisory liability claim against Sheriff Blankenship. *See Ford v. Stirling*, C/A No. 2:17-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017); *London v. Maier*, C/A No. 0:10-00434-RBH, 2010 WL 1428832, at *2 (D.S.C. Apr. 7, 2010).

**Conditions of Confinement Claim**

The plaintiff's conditions of confinement claims – that he got sick from either food or the water at the Detention Center, the emergency button in his cell does not work, and Lt. Durham would not provide copies of his discharge paperwork – are subject to summary dismissal. At all relevant times herein, the plaintiff was a pretrial detainee; thus, his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment (which is used to evaluate conditions of confinement claims for individuals convicted of crimes). *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983). In any event, "[the] due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Recently, the Fourth Circuit held in a published decision that pretrial detainees could state a Fourteenth Amendment claim for deliberate indifference to a serious risk of harm on a purely objective basis that the challenged action

is not related to a legitimate non-punitive governmental purpose or is excessive in relation to that purpose. *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

Here, however, the complained-of conditions do not rise to the level of constitutional violations. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (noting that the Constitution does not mandate comfortable prisons, and only deprivations which deny the minimal civilized measure of life's necessities are sufficiently grave to provide the basis of a § 1983 claim); *Thompson v. Brown*, C/A No. 3:11-cv-318-TMC-JRM, 2011 WL 6012592, at *1–2 (D.S.C. Nov. 8, 2011) (rejecting conditions of confinement claim where the plaintiff claimed "his mattress and blanket were confiscated for six days, he was not allowed to have any toilet tissue for six days, his clothes were taken away from him for six days, his cell was cold, he had no running water in his cell, and he was forced to sleep on a steel cot for six days"), *Report and Recommendation adopted by* 2011 WL 6012550 (D.S.C. Dec. 2, 2011). Indeed, the plaintiff has not alleged that the defendants should have been on notice that the food/water needed treating before he became ill and he concedes that the water was treated after he was taken to the hospital (meaning that he has not alleged a conditions of confinement claim relating to the water that made him sick). *Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (noting that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). The plaintiff has also not alleged that lack of an emergency button in his cell (when there was one available in the rec room), objectively exposed him to a serious risk of harm. Additionally, the plaintiff's rights were not violated when his discharge paperwork was taken to medical by Lt. Durham and not left with the plaintiff. Indeed, the plaintiff has not alleged that he requested a copy of the paperwork after it was entered into the Detention Center records or that such a

request was denied. As such, the plaintiff's conditions of confinement claims are subject to summary dismissal.

**Deliberate Indifference to Medical Needs**

The plaintiff also alleges that he has been denied appropriate medical care because he was not immediately taken to the hospital when he got sick (docs. 16; 16-1). A pretrial detainee's claim of deliberate indifference to medical needs is properly brought pursuant to the Fourteenth Amendment. *See Short*, 87 F.4th at 611. In *Short*, the Fourth Circuit noted that to state a medical indifference claim a pretrial detainee must allege: (1) he/she suffered from a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) the defendant knew or should have known that the detainee had the condition and that the defendant's action/inaction posed an "unjustifiably high risk of harm"; and (4) the detainee was harm as a result. *Id*. Here, the plaintiff has alleged the first and fourth elements, but has not alleged the second or third elements (*see* docs. 16; 16-1). For example, the plaintiff concedes that when he requested medical attention on January 19, 2024, from Lt. Durham, the nurse came to treat him that same day and he was provided with treatment of Pepto (although he did not agree with the treatment) (doc. 16-1 at 1). Similarly, when the plaintiff continued to complain that he was not feeling well, the nurse came to see him again on January 21, 2024, and determined that his condition had worsened and he then needed transfer to a hospital (*id*. at 1–2). Indeed, the plaintiff has not alleged that Lt. Durham, a non-medical defendant, knew that the plaintiff required additional treatment beyond that provided by the nurse or that the plaintiff's loose stools and complaints of not feeling well would have required immediate transfer to a hospital. Further, the plaintiff has not alleged that the prescribing of Pepto when he complained of loose stools would cause an "unjustifiably high risk of harm" as required to state a deliberate indifference claim. *Short*, 87 F.4th at 611. Similarly,

the plaintiff concedes that he was provided medical treatment on January 19 and January 21, and when his condition had still not improved on January 21, the nurse examined him for a second time and ordered that the plaintiff be taken to the hospital because his blood pressure was low (doc. 16-1 at 1–2). Indeed, to the extent there was any delay in medical care to the plaintiff between the original visit by the nurse January 19, 2024, and January 21, 2024, when the plaintiff was taken to the hospital, the plaintiff has not alleged that the inaction during this time (other than treatment with Pepto) was objectively unreasonable. As such, the plaintiff's medical indifference claim is also subject to summary dismissal.

**Abandoned Claim**

The plaintiff's amended complaint appears to abandon his claim that he has not been provided an appropriate bond in his pending criminal proceedings (*see* docs. 16; 16-1). The plaintiff was warned that an amended complaint replaces the complaint and "should be complete in itself (doc. 20 at 6–7 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). As such, the undersigned recommends dismissal of the plaintiff's abandoned claim. To the extent the plaintiff did not intend to abandon this claim, for the reasons set forth in the court's prior order, the claim would still be subject to summary dismissal (*see* doc. 12 at 5–6).

## **RECOMMENDATION**

By order issued August 15, 2024, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment for failure to state a claim. Despite filing an amended complaint, the plaintiff has not cured the deficiencies identified in the order dated August 15, 2024 (doc. 12). Therefore, the undersigned recommends that the district court dismiss this action *with prejudice*, without further leave to amend, and without

issuance and service of process.[1]  *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**The attention of the parties is directed to the important notice on the following page**.

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

September 24, 2024
Greenville, South Carolina

---

[1] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule.  *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).